UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PHYSICIANS HEALTHSOURCE, INC., an Ohio corporation, individually and as the representative of a class of similarly-situated persons, | )<br>)<br>)<br>)<br>) |
| Plaintiff, | ) Case No. |
| v. | ) Circuit Court of St. Louis<br>) County, Missouri |
| EXPRESS SCRIPTS SERVICES COMPANY, EXPRESS SCRIPTS PHARMACY, INC., EXPRESS SCRIPTS, INC., EXPRESS SCRIPTS HOLDING COMPANY, EXPRESS SCRIPTS PHARMACEUTICAL PROCUREMENT, LLC and JOHN DOES 1-10, | ) Case No. 15SL-CC00648<br>)<br>) **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants Express Scripts Services Company, Express Scripts Pharmacy, Inc., Express Scripts, Inc., Express Scripts Holding Company, and Express Scripts Pharmaceutical Procurement, LLC hereby removes this action from the Missouri Circuit Court for the Twenty-First Judicial Circuit, County of St. Louis to the United States District Court for the Eastern District of Missouri. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. In support of this Notice of Removal, Defendants state as follows:

**A.   INTRODUCTION**

1.   On February 20, 2015, Plaintiff Physicians Healthsource, Inc. commenced this putative class action against Defendants in the Missouri Circuit Court for the Twenty-First Judicial Circuit, County of St. Louis, Civil Action No. 15SL-CC00648 ("State Court Action").

2. Pursuant to Missouri Supreme Court Rule 54.13, Defendants were served with the Summons and Class Action Petition (the "Complaint") in this action via their registered agent, Corporation Service Company, on March 24, 2015.

3. Plaintiff alleges in the Complaint that Defendants violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") by sending an unsolicited fax advertisement without an opt-out notice purportedly required by 47 C.F.R. § 64.1200.  Compl. ¶¶ 12-18.

4. Plaintiff seeks to represent a class of "[a]ll persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendants, and (3) which did not display a proper opt-out notice." *Id.* ¶ 19.

5. Plaintiff seeks injunctive and monetary relief, as well as reasonable attorneys' fees on behalf of itself and the proposed class.  *Id.* at WHEREFORE Clause.

**B.    DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL**

6. As set forth above, Plaintiff provided notice of this action to Defendants by via their registered agent on March 24, 2015.  The time for Defendants to answer or otherwise respond to the Complaint has not yet elapsed, and this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within 30 days of the date Defendants received the Complaint.

7. Venue is proper in this District and Division under 28 U.S.C. § 1446(a) and 28 U.S.C. § 105 because the State Court Action is pending within this District and Division.

8. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, orders and papers or exhibits in the State Court Action are attached hereto as **Exhibit A**.

9. Pursuant to 28 U.S.C. § 1446(d), Defendants have filed this Notice with this Court, are

serving a copy of this Notice upon counsel for all parties, and are filing a copy in the Missouri Circuit Court for the Twenty-First Judicial Circuit, County of St. Louis.

### C. REMOVAL IS PROPER UNDER 28 U.S.C. § 1331 BECAUSE THIS COURT HAS FEDERAL QUESTION JURISDICTION

10. Federal question jurisdiction exists when an action presents a claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This Court has jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiff's claims arise under a federal statute, the TCPA.

11. The United States Supreme Court in *Mims v. Arrow Fin. Servs., LLC*, 132 S.Ct. 740 (2012) found, in a unanimous decision, that the TCPA's grant of jurisdiction to state courts does not deprive the federal district courts of federal question jurisdiction over private rights of action.

12. In light of the Supreme Court's decision in *Mims* specifically finding federal question jurisdiction over claims arising under the TCPA, this action is properly removable to this Court. *See, e.g.*, *St. Louis Heart Ctr., Inc. v. Vein Centers For Excellence, Inc.*, No. 4:12 CV 174 CDP, 2013 WL 6498245, at *10 (E.D. Mo. Dec. 11, 2013) ("In *Mims,* the Supreme Court held that federal courts had federal-question jurisdiction over TCPA claims.").

13. Accordingly, removal of this action is proper on the basis that, pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over Plaintiff's claims.

WHEREFORE, Defendants respectfully removes this action from the Missouri Circuit Court for the Twenty-First Judicial Circuit, County of St. Louis, to the United States District Court for the Eastern District of Missouri.

Dated:  April 21, 2015                                          HUSCH BLACKWELL LLP

By:   /s/ Christopher A. Smith
Christopher A. Smith, #53266MO
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
(314) 480-1500
chris.smith@huschblackwell.com

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was mailed, postage prepaid on April 21, 2015, to:

Max G. Margulis
MARGULIS LAW GROUP
28 Old Belle Monte Rd.
Chesterfield, MO 63017
(636) 536-7022
MaxMargulis@MargulisLaw.com

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
(847) 368-1500
bwanca@andersonwanca.com

*Attorneys for Plaintiff*

             /s/ Christopher A. Smith