# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| PHYSICIANS HEALTHSOURCE, INC., an Ohio corporation, individually and as the representative of a class of similarly situated persons, | ) ) ) ) ) |
| Plaintiffs, | ) No. 4:15-CV-664 JAR |
| v. | ) ) ) |
| EXPRESS SCRIPTS SERVICES CO., et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Class Certification (Doc. No. 9), Defendants' Motion to Deny Plaintiff's Motion for Class Certification Without Prejudice (Doc. No. 18), and Plaintiff's Motion to Stay Briefing on the Motion for Class Certification. (Doc. No. 20)

Plaintiff Physicians Healthsource, Inc., brought this action in St. Louis County Circuit Court on behalf of itself and others similarly situated against Defendants, Express Scripts Services Company, Express Scripts Pharmacy, Inc., Express Scripts, Inc., Express Scripts Holding Company, Express Scripts Pharmaceutical Procurement, LLC (collectively "Express Scripts") and John Does 1-10, for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"). The matter was timely removed to this Court on April 21, 2015. (Doc. No. 1)

Plaintiff filed a motion for class certification with its state court complaint. Plaintiff explains that it filed the motion for class certification early to protect against individual

settlement offers that potentially could moot its claim for class-wide relief. See March v. Medicredit, 2013 WL 6265070 (E.D. Mo. Dec. 4, 2013). (Doc. No. 9 at 1 n. 1) Express Scripts argues the motion should be denied without prejudice for Plaintiff's failure to file a memorandum in support of its motion or cite to any relevant legal authority pursuant to Local Rule 7-4.01, and because the motion is premature. In response, Plaintiff has moved to stay briefing on the motion until a Rule 16 conference has been held and after a case management order has been issued setting a briefing schedule for class certification. Express Scripts opposes the motion to stay, arguing the action is brought with no investigation against the wrong parties.[1] (Doc. No. 25)

Although this Court in March advised that "in future cases, putative class actions plaintiffs would be wise to immediately file [motions for class certification] to protect the class from similar motions to dismiss based on offers of judgment," this Court also stated that defendants "should not be able to use offers of judgment [under Federal Rule of Civil Procedure 68] to thwart class actions." 2013 WL 6265070, at *3. Thus, the March court struck the defendant's offer of judgment and denied defendant's motion to dismiss. Id. at *4. Rather than permit Plaintiff's motion to certify class to pend indefinitely, this Court will deny the motion to certify without prejudice to refiling at the appropriate time. Any offer of judgment made only to the named Plaintiff before the Court rules on a motion for class certification filed in accordance with a case management order will be stricken. See Prater v. Medicredit, Inc., 301 F.R.D. 398, 401 (E.D. Mo. 2014); Johnson v. U.S. Bank Nat'l Ass'n, 276 F.R.D. 330, 334 (D. Minn. 2011).

---

[1] Express Scripts has moved to have this action dismissed, or in the alternative, for summary judgment, which motion will be addressed in a separate order.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Class Certification [9] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay Briefing on the Motion for Class Certification [20] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Defendants' Motion to Deny Plaintiff's Motion for Class Certification Without Prejudice [18] is **DENIED** as moot.

Dated this 30th day of March, 2016.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**