UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PHYSICIANS HEALTHSOURCE, INC., an Ohio corporation, individually and as the representative of a class of similarly situated persons, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) No. 4:15-CV-664 JAR |
| EXPRESS SCRIPTS SERVICES CO., et al., | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint or Alternatively for Summary Judgment. (Doc. No. 15) The motion is fully briefed and ready for disposition.[1]

**Background**

This action arises under the Telephone Consumer Protection Act ("TCPA"), also known as the "Junk Fax Act," 47 U.S.C. § 227. The Act prohibits sending unsolicited fax advertisements. 47 U.S.C. § 227(b)(1) ("It shall be unlawful for any person … to send, to a telephone facsimile machine, an unsolicited advertisement.").[2] The Act also requires in some instances that an opt-out notice be placed on an advertising fax informing the recipient of the right to demand that the sender stop sending advertisements over their fax machine. Id. at §

---

[1] On June 4, 2015, Express Scripts filed a Notice of Supplemental Authority in further support of its motion to dismiss or for summary judgment. (Doc. No. 32)

[2] "The term 'unsolicited advertisement' means any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." § 227(a)(5).

227(b)(2)(D). The Act provides a private right of action for violations and provides for minimum liquidated statutory damages of $500 per violation.

According to Plaintiff Physicians Healthsource, on March 17, 2011, it received an advertisement, referred to throughout its complaint as the "Tricare Ad,"[3] via its office facsimile machine describing the commercial availability of Express Scripts' goods and services. (Class Action Complaint ("Compl."), Doc. No. 8 at ¶¶ 2, 12) Plaintiff alleges the Tricare Ad constitutes material furnished in connection with Express Scripts' work or operations. (Id. at ¶ 14) Plaintiff further alleges it did not invite or give permission to Express Scripts to send the fax, and that on information and belief, Express Scripts faxed the same and other unsolicited facsimiles without the required opt-out notice to Plaintiff and more than 40 other recipients without first receiving the recipients' express permission or invitation to do so. (Id. at ¶¶ 15-16) Plaintiff seeks statutory damages as well as injunctive relief.

Express Scripts argues Plaintiff's claims should be dismissed because Plaintiff does not plead enough facts to adequately allege who sent the fax or that Express Scripts had any connection with the fax. (Doc. No. 16 at 9-11) Express Scripts further argues that the fax simply provides employee benefit information to service members and their families under TRICARE,

---

[3] The fax at issue is attached as an exhibit to the Complaint. (Doc. No. 8-1) Two logos appear on the fax - those of TRICARE and Health Net Federal Services ("Health Net"). TRICARE is the military's healthcare program for uniformed service members and their families, managed by the Department of Defense (DoD) Health Agency. See http://www.tricare.mil/About.aspx. The TRICARE logo is a registered trademark of DoD. Id. Health Net is a managed care support contractor for TRICARE. See https://www.hnfs.com/content/hnfs/home/company/company-information.html. The fax advises providers of the TRICARE Pharmacy Home Delivery Program employee benefit available to their TRICARE beneficiary patients. It explains that, in addition to reduced cost, the TRICARE Pharmacy Home Delivery Program offers a number of other benefits for patients requiring maintenance medications, including treatment adherence and convenience for beneficiaries who have disabilities and cannot easily get to military treatment facility (MTF) pharmacies. The fax indicates that more information about home delivery is available at www.express-scripts.com/TRICARE.

the military's healthcare program, and is thus not an "advertisement" prohibited by the Act as a matter of law, citing Sandusky Wellness Center, LLC v. Medco Health Solutions, Inc., 788 F.3d 218 (6th Cir. 2015). (Doc. No. 32) Alternatively, Express Scripts argues the Court should enter summary judgment in its favor based on the undisputed fact that it had nothing to do with the fax, as neither TRICARE nor Health Net is an Express Scripts entity.

In response, Plaintiff requests the Court deny Express Scripts' motion as premature or, alternatively, stay Express Scripts' motion to allow Plaintiff a reasonable opportunity to conduct discovery regarding the identity of the person or entity that prepared or sent the Tricare Ad before responding to the motion substantively. (Doc. No. 29 at 6, 10)

**Discussion**

A Rule 12(b)(6) motion to dismiss for failure to state a claim should be granted only if it is clear that no relief could be granted under any set of facts, construing the allegations in the complaint favorably to the pleader. County of St. Charles, Mo. v. Mo. Family Health Council, 107 F.3d 682, 684 (8th Cir.1997) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). "In considering a motion to dismiss, courts accept the plaintiff's factual allegations as true, but reject conclusory allegations of law and unwarranted inferences." Silver v. H & R Block, Inc., 105 F.3d 394, 397 (8th Cir. 1997). "Thus, '[a] motion to dismiss should be granted as a practical matter only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.'" Leiberkneckt v. Bridgestone/Firestone, Inc., 980 F. Supp. 300, 304 (N.D. Iowa 1997) (quoting Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir.1995)) (alteration in original).

The elements of a TCPA claim under § 227(b)(1)(C) are that the defendant "(1) used a telephone facsimile machine, computer or other device to send a facsimile; (2) the facsimile was

unsolicited; and (3) the facsimile constituted an advertisement." St. Louis Heart Ctr., Inc. v. Forest Pharm., Inc., No. 4:12-CV-02224-JCH, 2013 WL 1076540, at *2 (E.D. Mo. Mar. 13, 2013) (quoting Hinman v. M & M Rental Ctr., Inc., 545 F. Supp.2d 802, 805 (N.D. Ill. 2008)). As set out above, Plaintiff alleges that on March 17, 2011, Express Scripts sent the "Tricare Ad" via facsimile transmission to Plaintiff. The Tricare Ad described the commercial availability of Express Scripts' goods and services and thus constituted an advertisement under the Junk Fax Prevention Act. Plaintiff further alleges it did not invite or give permission to Express Scripts to send the Tricare Ad and that the fax did not display a proper opt-out notice as required by 47 C.F.R. § 64.1200. (Compl. at ¶¶ 2, 12-18, 31) These facts, when accepted as true, plausibly state a claim upon which relief can be granted under the TCPA. Accordingly, Express Scripts' motion to dismiss will be denied.

Rule 56 entitles a party to summary judgment where the opposing party fails to show the existence of an issue of fact requiring trial. Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986). Here, Express Scripts moved for summary judgment just three days after removing this action to this Court. No discovery has been conducted; no Rule 16 conference has been scheduled. Plaintiff asks the Court to stay Express Script's motion to allow it an opportunity to conduct discovery related to Defendant's motion. "As a general rule, summary judgment is proper 'only after the nonmovant has had adequate time for discovery.'" Hamilton v. Bangs, McCullen, Butler, Foye & Simmons, L.L.P., 687 F.3d 1045, 1049 (8th Cir. 2012) (quoting Iverson v. Johnson Gas Appliance Co., 172 F.3d 524, 530 (8th Cir. 1999)). In light of Express Scripts' premature filing, the Court believes Plaintiff is entitled to conduct some limited discovery prior to responding to the motion. Accordingly, the Court will stay briefing on Express Scripts' motion

for summary judgment to allow Plaintiff an opportunity to conduct limited discovery. The Court will enter a Case Management Order following a Rule 16 conference, to be set by separate order.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Plaintiff's Complaint is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' alternative Motion for Summary Judgment is **STAYED**.

**IT IS FINALLY ORDERED** that a Rule 16 conference will be set by separate order.

Dated this 30th day of March, 2016.

*John A. Ross*
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**